# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**KIPP TERRY HARPER**                                                                                   **PLAINTIFF**

**V.**                                      **NO. 4:20-cv-01117-ERE**

**KILOLO KIJAKAZI, Acting Commissioner
of Social Security**[1]                                                                              **DEFENDANT**

## ORDER

Before the Court is Defendant's Motion to Remand. *Doc. 16*. Plaintiff has responded. *Doc. 17*.

Defendant asks the Court to reverse and remand this case, under Sentence Four of 42 U.S.C. § 405(g), so that the ALJ can conduct additional administrative proceedings. Plaintiff agrees that remand is appropriate, but asks the Court to "consider remand for a directed finding of disability" based on the "overwhelming evidence" of disability. *Doc. 17*.

Typically, a case is remanded for additional administrative proceedings out of "abundant deference to the ALJ." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (quotations omitted). Reversing and directed an award of benefits is permitted only when the record "overwhelmingly supports" a finding of disability. *Id.* (quotations omitted).

---

[1] Because Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021, he is automatically substituted, pursuant to Fed. R. Civ. P. 25(d), in place of Andrew Saul, as the Defendant in this case.

Both parties contend that the ALJ failed to: (1) consider all available evidence; and (2) fully and fairly develop the record.[2] *Docs. 15, 16*. Although Plaintiff contends that there is overwhelming evidence to support a finding of disability, on this record, the Court declines to make such a finding.

IT IS THEREFORE ORDERED THAT the Defendant's Motion to Reverse and Remand, *Doc. 16*, is GRANTED. The Commissioner's prior decision is REVERSED, and this matter is REMANDED for further administrative proceedings and issuance of a new decision. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 9th day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff asserted that if the ALJ "had desired to find Plaintiff did not meet listing 5.05 because of alcoholism, he should have *developed the record* to determine he was an alcoholic in the first place, and whether his such alcoholism was a contributing factor material to the decision. The failure to do so is error." *Doc. 15 (emphasis added)*.